IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID BURTON<br><br>    Plaintiff,<br><br>v.<br><br>COOPER-WILKINS WELDING & MACHINE COMPANY, INC. d/b/a SOUTH EASTERN PROPELLER & DREDGING, and VENTURE DYNAMICS ENTERPRISES, INC.<br><br>    Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff David Burton ("Plaintiff"), by and through his undersigned counsel, and files this, his Complaint for Damages against Defendant Cooper-Wilkins Welding & Machine Co. d/b/a South Eastern Propeller & Dredging and Venture Dynamics Enterprises, Inc. ("Defendants") and shows the Court as follows:

1

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees against Defendants for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 5, 2024.

5.

The EEOC issued Plaintiff's Notice of Right to Sue on March 13, 2025.

6.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

7.

Plaintiff is a resident of Saraland, Alabama and is subject to the jurisdiction of this Court.

8.

Defendant Cooper-Wilkins Welding & Machine Company, Inc. ("Defendant Cooper-Wilkins") is now and, at all times relevant hereto, has been a corporation conducting business in Alabama with its principal address located in Mobile, Alabama. Defendant Cooper-Wilkins Welding & Machine Company, Inc. may be

3

served with process by delivering a copy of the summons and complaint to its registered agent, Susan D. Bates, located at 118 North Royal Street, STE 1000, Mobile, Alabama 36602.

9.

Defendant Venture Dynamics Enterprises, Inc. ("Defendant Venture") is now and, at all times relevant hereto, has been a corporation conducting business in Alabama with offices located in Chickasaw, Alabama. Defendant Venture Dynamics Enterprises, Inc. maintains its principal office address at 904 Loudoun Avenue, Portsmouth, VA 23707 and may be served with process by delivering a copy of the summons and complaint to its registered agent, George Haley, located at 904 Loudoun Avenue, Portsmouth, VA 23707.

10.

At all times relevant, Defendants had more than 200 employees.

11.

Defendants were employers subject to Title VII at all times relevant to the claims asserted herein.

**FACTS**

12.

4

Plaintiff is a Muslim.

13.

On or about February 5, 2024, Defendant Venture assigned Plaintiff to begin working for Defendant Cooper-Wilkins as a Fitter Welder.

14.

Before starting work with Defendant Cooper-Wilkins, Plaintiff asked Defendant Venture if he could have an hour each Friday to attend Prayer at the Islamic Society of Mobile Mosque as required by his religion.

15.

Plaintiff suggested not taking his lunch and breaks on Fridays so that he would still work the same amount of hours as his coworkers.

16.

Burgundy, an employee with Defendant Venture, stated she would ask and let Plaintiff know. Plaintiff was later told he would need to speak with personnel with Defendant Cooper-Wilkins.

17.

In early March 2024, Plaintiff again requested to take off for Friday to attend prayer in observance of his religion.

18.

Plaintiff's Foreman Rico (Last Name Unknown) told him he would check regarding the religious accommodation request. Foreman Rico never got back to Plaintiff with any additional information.

19.

Plaintiff asked again during the week of March 10, 2024, but did not receive an answer.

20.

On or about March 16, 2024, Plaintiff received a call from Burgundy with Defendant Venture, telling him Defendant had laid him off because of "lack of available work."

21.

However, immediately before Plaintiff's termination, Defendants hired and trained another man in the same position Plaintiff was working.

22.

The person who replaced Plaintiff did not request a religious accommodation.

23.

Plaintiff renewed his request for an hour on Friday to attend prayer and offered to forego his lunch and breaks in order to do so.

24.

Defendant Venture Dynamics placed Plaintiff with another company owned by Defendant Cooper-Wilkins.

25.

Plaintiff was terminated after requesting an hour on Fridays to attend prayer.

26.

Plaintiff called Defendant Venture and he was told his termination was due to performance issues.

27.

Defendant Venture replaced Plaintiff with an individual who did not request religious accommodations.

28.

Defendant Venture has not placed Plaintiff with a new assignment since his termination.

## COUNTS

## COUNT I: RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29.

Plaintiff incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

30.

Defendants discriminated against Plaintiff because of his religion in violation of Title VII by:

a. Failing to provide reasonable accommodation for his religious practices;

b. Terminating his employment because of his religious practices and requests for accommodation.

c. Refusing to place Plaintiff with another employer after termination.

31.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of their religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

32.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

33.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected their status as an employee because of their religion.

34.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected their economic, psychological, and physical well-being.

35.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.

Plaintiff incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

37.

Plaintiff engaged in a statutorily protected activity of requesting a religious accommodation.

38.

Defendants retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment after he requested religious accommodation and refusing to place Plaintiff with a new employer after the second termination.

39.

As a result of reporting religious discrimination Plaintiff suffered the adverse employment action of termination.

40.

There is a proximate casual connection between Plaintiff's protected activity and the adverse employment action he suffered.

41.

Although Defendants purport to provide a legitimate nondiscriminatory reason for the adverse employment action and termination, that reason is pretext.

42.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and its discrimination against was undertaken in bad faith.

43.

The effect of the conduct complained of herein has been to deprive of equal employment opportunity and has otherwise adversely affected status as an employee because of religion.

44.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

45.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of unlawful retaliation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  For compensatory damages in an amount to be determined at trial;

B.  For punitive damages pursuant to 42 U.S.C. § 1981;

C.  For reasonable attorney fees and costs of this action pursuant to 42 U.S.C. § 2000e-5(k);

D.  For pre- and post-judgment interest at the legal rate;

E.  For an injunction ordering Defendants to cease and desist from discriminating against employees based on religion and requests for religious accommodation;

F.  For back pay and front pay;

G.  For reinstatement or front pay in lieu of reinstatement; and

H.  For any additional relief this Court deems just and proper.

Respectfully submitted this 9th day of June, 2025.

**BARRETT & FARAHANY**

*s/ Constane Cooper*
Constance Cooper
Alabama Bar No. 4276G33S
Mandisa C. Styles
Georgia Bar No. 183289
*Pro hac vice* admission pending

*Counsel for Plaintiff*

2921 Piedmont Rd.
Atlanta, GA 30305
constance@justiceatwork.com
mstyles@justiceatwork.com

12