IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID BURTON,** | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 25-cv-00239-KD-N |
| | ) |
| **COOPER-WILKINS WELDING &** | ) |
| **MACHINE COMPANY, INC., et al.,** | ) |
|     Defendants. | ) |

**ORDER**

This action is before the Court on Plaintiff's Motion for Leave to Amend Complaint. (Doc. 22). Upon consideration, and for the reasons below, the motion is **GRANTED**.

**I.    Background**

Plaintiff David Burton ("Burton"), a Muslim, was employed by Defendant Venture Dynamics Enterprises, Inc. ("Venture"), a staffing agency. Venture placed Burton in a Fitter Welder position with Defendant Cooper-Wilkins Welding & Machine Company, Inc. d/b/a Southeastern Propeller & Dredging ("Cooper-Wilkins") on February 5, 2024. In March of 2024, Burton was fired from the Cooper-Wilkins assignment. Burton alleges that he was fired from Cooper-Wilkins because he requested time off for religious reasons. Cooper-Wilkins alleges that Burton was fired due to lack of available work. Venture then placed Burton with another company, which Burton describes as Cooper Marine. Burton was allegedly terminated from this assignment four days after requesting a religious accommodation.

On June 5, 2024, Burton filed an Equal Employment Opportunity Commission ("EEOC") charge against *Cooper-Wilkins* and Venture. (Doc. 22-2). On the same day, Burton also filed a separate EEOC charge against *Cooper Marine* and Venture. (Doc. 22-1). Both charges allege religious discrimination and retaliation. In response to the EEOC charges, Venture's Position

1

Statement indicated that Cooper-Wilkins "is part of The Cooper Group." (Doc. 22-6 at 4). Venture's Position Statement also explained that Burton's EEOC charge "uses 'Cooper Marine' in reference to Blakely Boatworks, part of The Cooper Group, which was [Burton's] actual employer at the time he was terminated" from Cooper Marine. (Id. at 3 n.2).

On March 13, 2025, the EEOC issued Notices of Right to Sue for both claims. On June 9, 2025, Burton filed this action asserting religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964 against only Cooper-Wilkins and Venture Dynamics. (Doc. 1). The Complaint does not name Cooper Marine or The Cooper Group as a defendant.

Three months later, the Court issued its Rule 16(b) Scheduling Order, which set the deadline for the amendment of pleadings to October 21, 2025. (Doc. 20 at 5). On November 10, 2025, Burton filed a motion to amend his complaint "to accurately reflect his respective allegations against" Cooper Marine and The Cooper Group. (Doc. 22 at 4).

## II. Law

When a party seeks to amend his complaint after the Rule 16(b) Scheduling Order's deadline has passed, the party must first demonstrate "good cause" under Rule 16(b). Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). "To establish good cause, the party seeking the extension must have been diligent." Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008).

When a party seeks to amend his pleading after the time to amend as a matter of course has passed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 330 (1971).

2

### III.    Analysis

Burton seeks to amend his complaint to add two new parties as defendants: Cooper Marine and The Cooper Group. Burton's motion to amend the complaint was filed after the Rule 16(b) Scheduling Order's deadline to amend the complaint and after the window to amend as a matter of course passed. Therefore, Burton must satisfy the requirements of Rule 16(b) and Rule 15(a)(2).

**A. Burton satisfies Rule 16(b)'s good cause requirement.**

Burton argues that Rule 16(b) is satisfied because "good cause exists for the amendment." (Doc. 22 at 5). In support, Burton explains that "[g]ood cause exists when evidence supporting the proposed amendment would not have been discovered until after the amendment deadline passed." (Id. at 5–6) (quoting Horton v. Exact Software of N. Am., LLC, No. 11-CV-23041, 2012 WL 13134495, at *2 (S.D. Fla. July 20, 2012)). Burton provides a reason for his failure to amend the complaint before the Rule 16(b) deadline: "Considerable confusion has surrounded the relationship among the Defendants and who was responsible for hiring and firing Plaintiff and, thus, the necessary parties to this action." (Id. at 6).

In response, Cooper-Wilkins argues that Burton failed to display "the diligence required to establish good cause." (Doc. 25 at 4). Cooper-Wilkins explains that "the party [seeking amendment past the Rule 16(b) deadline] should offer an explanation for why those facts were previously undiscoverable." (Id. at 4) (quoting Crockett v. GEO Grp., Inc., 582 F. App'x 793, 796 (11th Cir. 2014)). Cooper-Wilkins argues the Burton "cannot make such a showing because his Motion and its exhibits establish that information has been known by and/or accessible to [Burton] since mid-2024, and to the extent [Burton] needed clarifying information, [he] failed to seek it." (Id. at 5).

Burton's motion satisfies the good cause standard because it shows that his delay was based on confusion—not a lack of diligence. "A party's diligence can be determined by its attempts to

gather relevant information during discovery, the timing of when the information became available, and how soon the party moved to amend after discovering the information." Snadon v. Sew-Eurodrive, Inc., 859 F. App'x 896, 897 (11th Cir. 2021). Here, Burton's motion shows his attempts to gather relevant information regarding the relationship between The Cooper Group, Cooper Marine, and Cooper-Wilkins during discovery. For example, The Cooper Group's website indicates that it "maintains ownership in numerous satellite companies" and features both Cooper-Wilkins and Cooper Marine. The Cooper Group, https://thecoopergroup.com/opsoverview; https://thecoopergroup.com/stevedoring; and https://thecoopergroup.com/shipyard-fab (last visited Dec. 31, 2025). Moreover, "the filings with the Alabama Secretary of State indicate that all three of these entities share a common principal address, and that the in-house attorney for The Cooper Group, who responded to the EEOC charge on behalf of Defendant Cooper-Wilkins, was the incorporator for Cooper Marine." (Doc. 22 at 7).

Burton's motion also shows the timing of when the relevant information became available. Burton's counsel "did not learn that the companies shared a human resources department until after the deadline to amend had passed." (Doc. 22 at 7). And soon after the deadline to amend passed—less than one month—Burton filed its motion for leave to amend. Therefore, Burton's motion shows sufficient diligence.

Cooper-Wilkins argument that Burton was not diligent is largely based on its belief that the relevant information was known or available. To Cooper-Wilkins point, Burton filed EEOC complaints against both Cooper-Wilkins and Cooper Marine but chose not to include Cooper Marine as a defendant in this lawsuit. However, the complaint shows that Burton was under the belief that Cooper Marine was owned by Cooper-Wilkins. (Doc. 1 ¶ 24). Clearly, there was (and still is) confusion on the relationship between Cooper-Wilkins, Cooper Marine, and The Cooper

4

Group. In its July 29, 2025, Answer to the Complaint, Cooper-Wilkins denied the allegation that Burton was placed "with another company owned by Defendant Cooper-Wilkins." (Doc. 12 ¶ 24). Cooper-Wilkins's corporate disclosure statement indicates that it has no "parent corporation . . . owning 10% or more of its stock." (Doc. 13 at 1). And Cooper-Wilkins continues to deny the relationship described by Plaintiff between Cooper-Wilkins, Cooper Marine and [T]he Cooper Group." (Doc. 25 at 5). On the other hand, Venture's Position Statement from the EEOC charge indicates that Cooper-Wilkins and Cooper Marine are part of The Cooper Group. (Doc. 22-6 at 3–4). In the light of this confusion, Burton's delay for seeking to amend the complaint to add The Cooper Group and Cooper-Wilkins was not unreasonable.

**B. Burton satisfies Rule 15(a)(2)'s standard for amendment.**

Under the Rule 15(a)(2) standard, courts should "liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Nevertheless, a motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" Id. (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Burton argues that his proposed amendments are not made in bad faith or for undue delay and that he does not have a dilatory motive, and Burton argues that the proposed amendments will not prejudice the defendants. Cooper-Wilkins does not directly address these arguments. Therefore, the only disputed issue is whether the amendment would be futile.

"When assessing futility, the court may be required to first determine whether the proposed amendment would relate back under Federal Rule of Civil Procedure 15(c) for statute of limitations purposes." 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 15:32 (2025). "To wit, if the claim to be added relates back to an earlier pleading, and the claim would be timely based on the date of the earlier pleading, then the claim is not futile and the amendment should be allowed." Gensler, supra at § 15:59. "But if the new claim does not relate back, then the court may deny leave to amend the time-barred claim on futility grounds." Id. Here, Burton concedes that he missed the deadline to file his lawsuit against Cooper Marine. Thus, the amendment would be futile unless it relates back to the date of the original pleading.

Rule 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when:"

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Here, Burton's amendment seeks to add two new parties. Therefore, Burton must meet three requirements pursuant to Rule 15(c)(1)(C).

*First*, Burton must meet the requirements of Rule 15(c)(1)(B), "meaning that the new claim must arise out of the same conduct, transaction, or occurrence as set forth in the earlier pleading." Gensler, supra at § 15:73. *Second*, Cooper Marine and The Cooper Group "must have received notice of the action within the period provided by Federal Rule of Civil Procedure 4(m), such that

6

the party will not be prejudiced in maintaining its defense on the merits." Id. (citing Fed. R. Civ. P. 15(c)(1)(C)(i)). *Third*, Cooper Marine and The Cooper Group "must have known—or should have known—that but for a mistake of identity it would have been sued initially." Id. (citing Rule 15(c)(1)(C)(ii)).

On the first requirement, the Court is satisfied that the new claims "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(2). "The general rule is that [this requirement] is met if the amended claims and the earlier claims share a core of operative facts." Gensler, supra at § 15:69. Here, the claims in the proposed amended complaint involve the same core of operative facts regarding Burton's alleged terminations. And Cooper-Wilkins does not dispute this in its response.

On the second requirement, the Court is satisfied that Cooper Marine and The Cooper Group received notice of the original lawsuit within Rule 4(m)'s 90-day service deadline. "The notice can be formal or informal." Gensler, supra at § 15:74. "It is sufficient if the new party had constructive notice, such as by having a shared attorney during the notice period or by having a sufficient identify of interest." Id. Here, Cooper Marine and The Cooper Group share the same in-house attorney with Cooper-Wilkins, and Cooper-Wilkins's response does not dispute that the notice requirement is met.

Whether Burton has met the third requirement is not as clear. Burton argues that "Cooper Marine and The Cooper Group 'knew or should have known that the action would have been brough against [them], but for a mistake concerning the proper party's identity'" because "Cooper Marine was served with the EEOC charge." (Doc. 22 at 11) (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)). Cooper-Wilkins argues that the third requirement is not met because "[i]t is well-settled that this rule only applies to *correct* a misnamed defendant, not to *add* a party due to Plaintiff's alleged lack

of knowledge or ignorance at the pleading stage." (Doc. 25 at 8). In support, Cooper-Wilkins cites Presnell v. Georgia Bureau of Investigation, No. 4:10-CV-0060-HLM, 2010 WL 11520595, at *3 (N.D. Ga. Dec. 28, 2010) and Mann v. Darden, 630 F. Supp. 2d 1305, 1310 (M.D. Ala. 2009). In reply, Burton argues that those cases are unavailing because they "failed to consider the Supreme Court's decision in Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010)." (Doc. 26 at 6–7).

What is clear is that the "law interpreting and applying the [mistake of identity] requirement] meaningfully changed with the Krupski v. Costa Crociere S.p.A opinion." Gensler, supra at 15:76. For many years, the "majority view essentially equated it with cases of misnomer" and guided that the plaintiff's "[l]ack of knowledge about who to sue did not qualify as a mistake." Id. In Krupski, however, the Supreme Court clarified that the "mistake of identity" requirement does not hinge on what the plaintiff "knew or should have known." Krupski, 560 U.S. at 548 ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint."). Therefore, "the critical question is whether a non-party who got notice of the suit would have realized it was the plaintiff's intended target, saved only by a misunderstanding of the actor's roles." Gensler, supra, at § 15:78.

As explained, Cooper Marine and The Cooper Group had notice of the suit based on their shared attorney. Furthermore, Burton provides evidence showing that he chose not to sue Cooper Marine and The Cooper Group because of a misunderstanding of their corporate roles. To explain, Krupski provided a hypothetical "mistake of identity" where a plaintiff "generally" knows "what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim." Krupski, 560 U.S. at 549. "If the plaintiff sues party B instead of party A under these circumstances, she has made a 'mistake concerning the

proper party's identity' notwithstanding her knowledge of the existence of both parties." Id. Here, Burton sued party A (Cooper-Wilkins) and not parties B and C (Cooper Marine and The Cooper Group) because Burton misunderstood the roles that parties B and C played. Thus, Burton establishes a "mistake of identity," and the remaining question is whether Cooper Marine and The Cooper Group "knew or should have known that they would have been named as a defendant but for an error." Krupski, 560 U.S. at 548.

The proper focus of this inquiry is "the relationship between the new defendant and the narrative set forth in the original complaint." Gensler, supra at § 15:76. "Does the amended complaint claim that the new defendant played one of the roles that formed the basis of the original complaint?" Id. "Does it appear as though the defendant's omission was the result of a mistake regarding who played what role in the events in question, as opposed to a tactical choice to pursue some defendants but not others?" Id. "If a fair reading of the story told in the complaint would have led the new defendant to realize that the plaintiff was intending to target it, even though the complaint named someone else, then relation back applies provided the other elements of Rule 15(c)(1)(C) are met." Id.

Here, the claims sought against Cooper Marine and The Cooper Group form the exact same transaction as stated in the original complaint—Burton's alleged termination from his two positions. The Complaint does not expressly state that Cooper Marine and The Cooper Group are responsible for the alleged unlawful conduct. But the Complaint's omission of these parties appears to be the result of a mistake regarding who played what role in the events questioned. Even Cooper-Wilkins and Venture have conflicting opinions on these parties' roles. Compare (Doc. 22-6 at 3–4) with (Doc. 25 at 5). Moreover, Burton filed an EEOC charge against Cooper Marine, which likely gave Cooper Marine an idea that Burton believed it played a role. Therefore, Burton's

motion establishes that Cooper Marine and The Cooper Group knew or should have known that they would have been named as a defendant but for an error.

A final consideration raised in Cooper-Wilkins's response is whether Burton may add new parties rather than substitute them for one of the other existing Defendants. (Doc. 25 at 9). Cooper-Wilkins offers no legal support for its position, and Krupski does not directly address this question. See Gensler, supra at § 15:78. However, it appears evident that the rationale of Krupski permits the addition (without substitution) of defendants in this case. The Complaint describes two events of alleged misconduct and fails to name two parties as defendants because of a mistaken belief. Burton has since learned that those two parties may have played a role in the actions described in the Complaint. In such a situation, "there is nothing inconsistent about adding the new defendant for its role while retaining the existing defendant for its role." Id.

### IV. Conclusion

Burton moves the Court for leave to file an amended complaint that adds two new defendants. (Doc. 22). Burton's motion was filed after the Rule 16(b) deadline to amend pleadings and after the Rule 15(a) window to amend as a matter of course passed. However, Burton's motion establishes good cause under Rule 16(b), and Burton's motion meets the requirements of Rule 15(a)(2). Specifically, the amendment of Burton's complaint is not futile because the amendment relates back to the original complaint under Rule 15(c). Therefore, the motion for leave to amend the complaint is **GRANTED**.

Burton shall file his amended complaint **on or before January 9, 2026**. The existing Defendants shall file their answers or otherwise respond **on or before January 23, 2026**. The newly added Defendants shall file their answers or otherwise respond "within 21 days after being served with the summons and complaint" or "if it has timely waived service under Rule 4(d),

within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). In accordance with Rule 4(m), Burton has 90 days from the date on which the amended complaint is filed to serve the new Defendants with process. See <u>Lindley v. City of Birmingham, Ala.</u>, 452 F. App'x 878, 880 (11th Cir. 2011).

**DONE** and **ORDERED** this **5th** day of **January 2026.**

    <u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**